UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BURDETTE BLOCK, Plaintiff, vs. ADAM DUPIC, Defendant. | ) ) ) ) ) ) ) ) ) | CIV. 12-4040-KES<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Defendant, Officer Adam Dupic, moves for summary judgment on plaintiff Burdette Block's 42 U.S.C. § 1983 claim, which asserts a violation of the Fourth Amendment. Block resists the motion. For the following reasons, Officer Dupic's motion is granted.

**BACKGROUND**

The undisputed facts are as follows:

On March 19, 2009, at 11:50 p.m., Officer Dupic, while on patrol, attempted to stop a 1999 Dodge pickup for a stop sign violation. The vehicle did not immediately stop when Officer Dupic activated his lights, and Officer Dupic continued to pursue the vehicle. The vehicle eventually stopped, and the driver fled on foot leaving behind a passenger in the vehicle.

Officer Dupic learned, through questioning the passenger, that the driver was Leonard "Lenny" Block. The vehicle was also registered to Lenny, and the

registration indicated that Lenny's home address was 905 Ponderosa Drive, Canton, South Dakota.

After learning that the identity of the driver was Lenny, Officer Dupic and other law enforcement officers began searching for Lenny. In the process of searching for Lenny, Assistant Chief of Police David Jacobs positioned his unmarked vehicle outside of 905 Ponderosa Drive in hopes of locating Lenny. Between 2 a.m. and 2:30 a.m., Assistant Chief Jacobs observed Matt Baker and a female approach 905 Ponderosa Drive and enter the residence. After remaining in the residence for a few minutes, Baker and the female exited the residence. While exiting, Baker yelled, "See you later, Lenny." Assistant Chief Jacobs notified Officer Dupic of this activity.

Officer Dupic then made contact with Baker and the female farther down the street. Baker admitted to yelling, "See you later, Lenny," but claimed that he did so in order to frustrate law enforcement and stated that Lenny was not in the residence.

Officer Dupic then contacted Judge Douglas Hoffman, Circuit Judge for the South Dakota Second Judicial Circuit, by telephone to obtain a "Search Warrant Issued Upon Oral Testimony," pursuant to SDCL 23A-35-5. In describing the events that Officer Dupic believed amounted to probable cause for the search warrant, he failed to inform Judge Hoffman of the conversation that he had with Baker in which Baker provided his explanation for yelling, "See you later, Lenny" and Baker's statement that Lenny was not at the residence.

Judge Hoffman concluded that probable cause existed to search 905 Ponderosa Drive for Lenny. The search warrant was executed at approximately 3:30 a.m. on March 20, 2009. In executing the warrant, plaintiff Block was found in the residence and temporarily restrained.

**LEGAL STANDARD**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of his case on which he bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)).

Summary judgment is precluded if there is a dispute in facts that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

Block claims that Officer Dupic, acting under color of state law, deprived him of his right to be free from illegal search and seizure under the Fourth Amendment in violation of 42 U.S.C. § 1983. Block claims that the search in question was illegal because the oral affidavit Officer Dupic submitted in support of the search warrant contained material omissions. Officer Dupic argues that he is entitled to qualified immunity.

"A police officer in applying for a search warrant is entitled to qualified immunity from a § 1983 Fourth Amendment damage claim if his conduct was objectively reasonable." *Morris v. Lanpher*, 563 F.3d 399, 402 (8th Cir. 2009). "A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment and subjects the police officer to § 1983 liability." *Id.* (internal quotations omitted). A deliberate falsehood or reckless disregard for the truth may arise by way of omission. When such is the case, the party challenging the affidavit must show that the police officer "omitted facts with the intent to mislead or with reckless disregard for the truth and that the [affidavit], if supplemented by the omitted information, would not have been sufficient to support a finding of probable cause."[1] *Riehm v. Engelking*,

---

[1] Block suggests that if Officer Dupic intentionally mislead, as opposed to recklessly mislead, then he should not receive the protection that the corrected affidavit prong provides. Block directs the court to *Bagby v. Brondhaver*, 98 F.3d 1096, 1099 n.2 (8th Cir. 1996), in support of his proposition. The court, however, does not adopt Block's proposition. First, Block's reference is only to dicta found in a footnote of the *Bagby* opinion. Second, the Eighth Circuit Court

538 F.3d 952, 966 (8th Cir. 2008). *See also United States v. Ketzeback*, 358 F.3d 987, 990 (8th Cir. 2004) ("Omissions likewise can vitiate a warrant if the defendant proves first that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and, second, that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.") (internal quotations omitted).

Because the second required showing—that the affidavit, if supplemented by the omitted information, would not have been sufficient to support a finding of probable cause—is dispositive of Officer Dupic's motion, the court addresses it at the outset. *See Bagby*, 98 F.3d at 1099 ("We need not resolve [the first required showing] here because we conclude that a corrected [] affidavit would have provided probable cause to arrest."). "Probable cause exists when the warrant affidavit sets forth facts which would lead a prudent person to believe that there is a fair probability" that the items listed in the warrant will be found in the place to be searched. *Ketzeback*, 358 F.3d at 991. Determining whether probable cause exists is a "fluid, nontechnical judgment made after a practical, commonsense evaluation of the totality of the circumstances." *Id.* (internal quotations omitted).

---

of Appeals clearly stated that it expressed "no view" on the issue. *Id.* And third, additional Eighth Circuit opinions have been published following *Bagby* and have not made the distinction that Block suggests but instead have continued to apply the corrected affidavit prong regardless of whether the officer acted intentionally or recklessly. *E.g., Riehm v. Engelking*, 538 F.3d 952, 966 (8th Cir. 2008); *United States v. Ketzeback*, 358 F.3d 987, 990 (8th Cir. 2004)

Applying this standard, the court finds that an affidavit supplemented by the omitted information would support a finding of probable cause. As an initial matter, the parties do not dispute that Officer Dupic had probable cause to arrest Lenny. And because the search warrant lists Lenny as the only "property" to be seized,[2] the only issue is whether there was a fair probability that Lenny would be found at 905 Ponderosa Drive.

After reviewing the facts, the court concludes that a fair probability existed. Lenny's vehicle registration identified his home address as 905 Ponderosa Drive. It is reasonable to believe that Lenny would be at his home. *See United States v. Powell*, 379 F.3d 520, 524 (8th Cir. 2004) ("It was not unreasonable for the officers to believe that Bausel would be at home during the early morning hours."). This is particularly true after considering the circumstances of that evening. Lenny fled from his vehicle around midnight on March 19, 2009. Officer Dupic requested a search warrant at about 3 a.m. The number of places a person can go at 3 a.m. is limited, especially if said person does not have access to his vehicle. Most, if not all, businesses are closed, and people are less likely to invite guests into their homes at such a time. Moreover, March nights in South Dakota can get quite cold. These facts alone would create

[2] Block argues that under the facts here the "probable cause analysis must reflect the scrutiny to be applied" to search warrants and not that of arrest warrants. Docket 21 at 10. Although the court makes no finding as to what difference such an application would make here, the court's finding is based on the fact that a search warrant, and not an arrest warrant, is at issue.

a fair probability that Lenny would be at his home. Add to this the fact that Assistant Chief Jacobs, while positioned in an unmarked vehicle, observed two individuals enter Lenny's residence shortly after 2 a.m., stay for a few minutes, and then have one individual yell, "See you later, Lenny" while exiting the residence, and the probability that Lenny is at 905 Ponderosa Drive increases well beyond a "fair" probability.

Block argues that Baker's later encounter with Officer Dupic, in which Baker claimed his, "See you later, Lenny" statement was only intended to frustrate law enforcement and that Lenny was not actually at his residence, eliminates all probable cause. The court disagrees. Probable cause existed to search 905 Ponderosa Drive absent Baker's statement, "See you later, Lenny." Therefore, Baker's after-the-fact explanation for his statement does nothing in terms of eliminating probable cause. Moreover, it is not unreasonable to think that Baker, once approached by law enforcement, was being dishonest about whether Lenny was in his residence and about his explanation for yelling, "See you later, Lenny." It is likely that Baker was attempting to prevent the police from finding his acquaintance, or as Baker stated, attempting "to frustrate law enforcement." Overall, the court finds that adding Officer Dupic's omission to form a corrected affidavit does not change the ultimate conclusion that probable cause existed to search 905 Ponderosa Drive.

As an additional argument, Block raises issue with the execution of the search warrant at night. Under South Dakota law, a "warrant shall be served in

the daytime, unless the committing magistrate, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at night." SDCL 23A-35-4. Block asserts that Officer Dupic never received authorization from Judge Hoffman to execute the warrant at nighttime and thus violated SDCL 23A-35-4. Block does not argue that such a violation creates a per se constitutional violation, but instead asserts that it should be taken into account when considering the reasonableness of the search.

"Although the search warrant was issued after a proper finding of probable cause, it does not necessarily follow that the execution of a valid warrant is also constitutional." *Walden v. Carmack*, 156 F.3d 861, 872 (8th Cir. 1998). To show Officer Dupic is not entitled to qualified immunity with regard to the execution of the search warrant, Block "must establish that from the perspective of a reasonably objective police officer on the scene . . . [Officer Dupic's] conduct was not objectively reasonable." *Id.* at 873.

There is no question that Officer Dupic's conduct in executing the search warrant soon after having it authorized was reasonable. Although Officer Dupic did not specifically ask Judge Hoffman for authorization to execute the warrant at night, it is obvious from the circumstances that such authorization was given. Officer Dupic contacted Judge Hoffman sometime around 3 a.m., which would be very atypical if Officer Dupic was requesting a search warrant that was intended to be executed during regular daytime hours. Additionally, Officer Dupic informed Judge Hoffman that there was an officer sitting outside Lenny's

residence "right now" with the belief that he is in his residence. Judge Hoffman then consented to the notion of "go[ing] in and get[ting] him" at that time. Thus, the court finds that Officer Dupic's conduct of executing the search warrant at night was reasonable, and thus, Officer Dupic is entitled to qualified immunity.

**CONCLUSION**

Because probable cause existed after Officer Dupic's omission was added to the affidavit and because Officer Dupic's conduct in executing the search warrant was reasonable, Officer Dupic is entitled to qualified immunity as well as judgment in his favor on Block's § 1983 claim. Accordingly, it is

ORDERED that Officer Dupic's motion for summary judgment (Docket 14) is granted.

Dated June 26, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE